﻿Citation Nr: 19158995
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 13-13 830
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a back disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Navy from June 1989 to June 1993.

Entitlement to service connection for a back disability is remanded.

The Veteran seeks entitlement to service connection for a back disability. In November 2016, the Board remanded this issue. Unfortunately, another remand is required for additional development. 

The Veteran’s June 1989 entrance examination did not indicate any back problems. However, he complained of back pain within five months of active duty service in November 1989, and following radiographic testing, was diagnosed with moderately severe scoliosis with concavity from the left side and spina bifida occulta of the lumbar spine. 

The Veteran has undergone three VA examinations to date and two of those examiners (the December 2011 and May 2019 examiners) have indicated that the Veteran’s back disability preexisted service (the third examiner from July 1994 provided no commentary regarding preexistence). Further, the Veteran’s private physician also determined that scoliosis preexisted service. While the opinions agree on the preexistence of scoliosis prior to service, none of them explicitly state whether the Veteran’s scoliosis condition is considered a congenital disease or a congenital defect, a distinction that may be determinative in the outcome of this decision. 

Service connection can be granted for congenital diseases that either first manifest themselves during service or which pre-exist service and progress at an abnormally high rate during service. VAOPGCPREC 67-90 (July 18, 1990) published at 55 Fed. Reg. 43253 (1990). VA may not assume that a congenital disease must have preexisted service simply because it is congenital. That is, the presumption of soundness still applies to congenital diseases that are not noted at entry. Quirin v. Shinseki, 22 Vet. App. 390, 396-397 (2009).

However, the presumption of soundness does not apply to congenital defects because such defects are not “diseases or injuries” within the meaning of 38 U.S.C. §§ 1110 and 1111. Congenital defects are generally not eligible for service connection. 38 C.F.R. §§ 3.303 (c), 4.9, 4.127; accord Terry v. Principi, 340 F.3d 1378, 1383-84 (Fed. Cir. 2003); Palczewski v. Nicholson, 21 Vet. App. 174, 179 (2007). However, a congenital defect can be aggravated by superimposed disease or injury, and if that superimposed disease or injury occurs during military service, service-connection may be warranted for the resultant disability. VAOPGCPREC 82-90.

Therefore, an additional opinion is needed that clearly addresses the nature of the Veteran’s scoliosis. 

Further, as none of the examiners addressed the diagnosis of spina bifida occulta, which was diagnosed in the same November 1989 radiograph as scoliosis, the addendum opinion must discuss this disability as well. Both opinions must clearly state whether the disabilities are considered congenital diseases or defects, along with whether there was aggravation during service or a superimposed disease or injury as appropriate. 

The matter is REMANDED for the following action:

1. Ensure all outstanding VA and private treatment records are associated with the claims file.

2. Obtain an addendum opinion that addresses the following:

The Veteran was diagnosed with moderately severe scoliosis with concavity from the left side and spina bifida occulta of the lumbar spine during service in November 1989. These diagnoses are considered to be congenital, and the examiner is first asked to indicate whether they are congenital diseases OR congenital defects.

a) If scoliosis is determined to be a congenital disease, the examiner is asked to review the May 2019 VA medical opinion and indicate whether he or she agrees with the rationale therein regarding whether there is clear and unmistakable evidence that the back disability preexisted service and whether it is also clear and unmistakable that the scoliosis did not increase in severity during service. If he or she agrees with the determination and rationale of that opinion, he or she should indicate this. If he or she does not, please provide an addendum opinion addressing each issue. 

b) If spina bifida occulta is determined to be a congenital disease, the examiner is asked whether there is clear and unmistakable evidence that the it preexisted service. If there is, the examiner must identify the evidence making it undebatable that the diagnosis preexisted service. The examiner is then asked whether it is also clear and unmistakable that the diagnosis did not increase in severity during service. If not possible to find undebatable evidence for these two inquiries, the examiner is then asked to opine on whether it is as likely as not (50 percent or greater probability) that this diagnosis incepted during service.

c) If either of the disabilities is considered a congenital defect, the examiner is asked whether there is a superimposed injury or disease, that as likely as not (50 percent or greater probability) aggravates (that is, caused an increase in severity that is beyond the normal progress of the disease) the defect or the symptoms caused by the defect.

A complete rationale for any opinion expressed should be included in the examination report.

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. Bush

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.